■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH ARCHER, Appellant.—

Christ, P. J., Kleinfeld and Brennan, JJ., concur; Munder, J., dissents and votes to affirm the judgment with the following memorandum, in which Latham, J., concurs: Identification was the principal issue at the trial and the proof of identification was unusually strong. Three bank employees (two tellers and the bank manager) unequivocally identified defendant and their testimony was positive and convincing. All three had ample opportunity to observe him at the times he was in the bank (cf. *People* v. *Woods,* 30 A D 2d 1040). The police techniques in no way tainted the in-court identification. Indeed, this was the sort of good police work that results in " prompt or instantaneous and therefore the most reliable identification of culprits " (*People* v. *Logan,* 25 N Y 2d 184, 194 [Breitel, J.]). The bank manager's identification was made before defendant was arrested on the day after the commission of the crime. But more than that, the trial court conducted a hearing pursuant to *People* v. *Ballott* (20 N Y 2d 600) and concluded that the in-court identifications were based upon observations of the suspect other than any show-up identification or other improper or suggestive procedures. In my opinion the jury properly determined the issue of identification against defendant. There was no error in the refusal of the trial court to grant an adjournment at the closing stages of this three-day trial to allow defense counsel to conduct an investigation of the arrest at Ravena, New York (150 miles from the scene of the instant crime), of another man who was driving an automobile on which it is claimed there were affixed the Connecticut license plates that had been issued to defendant. When defendant testified during the trial he said that he had learned of the other man's arrest two years before. It is suggested that the car may have been the one employed by the forger in the instant case and that perhaps the man arrested in Ravena might have been that forger since he had a history of forgery arrests. However, there is abundant proof in the record to connect this defendant with a car such as the one employed herein. Not only were the license plates issued to this defendant but two of the eyewitnesses saw him enter the car and drive off. I find here no " thin gossamer " tying defendant to the crime. I find uncontroverted testimony of three eyewitnesses who, as bank officials, are trained to be observant, clearly establishing defendant's guilt. I find no improvident exercise of discretion by the court in refusing to delay the trial upon a last-minute stratagem employed by defense counsel.